Sutliff, J.
The general provision of the statute regulating jury trials establishes the general rule that each party, upon a jury trial, is entitled to two peremptory challenges.
As an exception to this rule the act of March 12, 1853, “ to provide for struck jurors in the district courts and courts of common pleas in Ohio,” provides, in relation to the sixteen struck jurors, “that upon the trial of a cause the jury so struck shall be called as they stand upon the panel, and the first twelve of them Avho shall appear, and are not challenged for cause, or set aside by the court, shall be the jury, and shall be sworn to try said issue.”
But to take a case out of the general rule, it must be within the special provision constituting the exception to the rule.
In the act to provide for struck juries, there is no provision for calling talesmen, as in the case of a petit jury, to supply a deficiency in their number ; but the provision for the struck jury is imperative, that it shall consist of the first twelve of the sixteen struck jurors, who shall appear, and are not challenged for cause, or set aside by the court. A peremptory challenge would be inconsistent with the provision of the statute in relation to such a jury.
But the jury called in this case was not composed of “the first twelve,” or of any twelve jurors 'so struck and summoned to try the case; and therefore did not come within the exception to the general statutory rule allowing peremptory challenges.
But it is insisted that inasmuch as the seven struck jurors had appeared and formed part of the jury, they at least should be exempt from peremptory challenges. To this it may be replied that the seven struck jurors no more constituted the special jury of “twelve” struck jurors described by the statute, and excepted thereby from peremptory challenges, when associated with five talesmen, than they would by themselves, without any addition to their numbers.
*Nor do we think the case to be within the spirit of the statute making the exception to the general right of peremptory challenge in jury trials. ^
In cases of a struck jury, peremptory challenges would seem to have been taken away by the legislature in consideration of each party having already exercised the right of striking twelve jurors from the list of forty. But this is not a selection of individual jurors by the parties; nor is it an agreement by the parties to let cither of the sixteen remaining upon the panel, sit as a juror with *141 any others than eleven of the sixteen struck jurors. A party might very reasonably have confidence in a man to sit as a juror in a case with certain associates, when if the same individual were associated with a different class of jurors, that confidence in him, as a juror, would be utterly wanting. But it is sufficient to say, that the jury constituted for the trial of the case in a district court was not such a jury as is excepted from the general provision of the statute giving each party the right of two peremptory challenges.
We think, therefore, that the district court erred in sustaining the objection of the defendant in error to the peremptory challenge made by the plaintiff in error.
And for this cause the judgment must be reversed, and the case remanded.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.